## Cumberland County National Bank & Trust Co.
## v. Spagnola

*Gerald T. Sajer,* for plaintiff.
*Daniel L. Carn,* for defendant.

ATKINS, P. J., September 24, 1973.—Here plaintiff [1] instituted an action in replevin without bond to recover possession of a mobile home. Defendant has filed preliminary objections to the complaint. The first objection is in the nature of a demurrer.

The facts allege that Sylvester H. Heiges, Jr., and Shirley M. Heiges, his wife, purchased a mobile home from Airport Trailer Sales, Inc., under an installment sales contract which, among other provisions, required

the buyers to pay all real estate taxes which might in the future be assessed upon the seller, and gave to the seller, or the assignee, the right to repossess the home in the event of default by the buyer. It further provided for the acceleration of payments in the event of default by the buyers.

The sales contract was subsequently assigned by Airport Trailer Sales to this plaintiff. The buyers failed to pay the real estate taxes that were levied on the mobile home. As a result, the taxing authorities sold the mobile home pursuant to the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, as amended, 72 PS §5860.101, et seq. Defendant purchased the mobile home at the tax sale.

After plaintiff learned of the sale and of the purchase by defendant he notified defendant of the installment sales contract and demanded payment by defendant pursuant thereto, or the alternative to deliver possession of the home to plaintiff. On refusal by defendant plaintiff instituted this action.

The demurrer is based on section 609 of the Real Estate Tax Sale Law, which provides:

"Every such sale shall discharge the lien of every obligation, claim, lien or estate with which said property may have or shall become charged, or for which it may become liable, except no such sale shall discharge the lien of any ground rent or mortgage which shall have been recorded before such taxes became liens, and which is or shall be prior to all other liens, except other mortgages and ground rents."

In taking this position, however, the defendant overlooks section 14F of the Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, as amended by the Act of September 23, 1961, P. L. 1614, sec. 1, 69 PS §614. In that section it is provided that the installment sales contract may require the buyer to pay such

real estate taxes as may be levied upon the mobile home, may provide for acceleration of payments, and may give the seller the right to repossess the vehicle upon the buyer's failure to pay taxes. After these preliminary provisions, the section goes on to provide:

"If the mobilehome or house trailer is sold by any tax levying unit of government for nonpayment of real estate taxes by such buyer, any lien or encumbrance contained on the title of the vehicle pursuant to 'The Vehicle Code' or any encumbrance filed of record against the vehicle under the provisions of the 'Uniform Commercial Code' shall not be affected or divested."

As a part of the demurrer it is also alleged that the complaint fails to set forth possession of the goods in defendant. It is true that the complaint does not contain the words, "defendant has possession" of the mobile home, but whether the allegation that possession has been demanded of defendant, and defendant refused the demand, allows only one inference; namely, that possession is in defendant. Certainly, if this isn't so, defendant can so allege in an answer. We, therefore, conclude that the demurrer cannot be sustained.

In a motion to strike it is alleged that paragraphs 14, 15 and 16 of the complaint contained impertinent and irrelevant material. In Pennsylvania Rule of Civil Procedure 1085, it is provided that in a replevin action if judgment is entered for a party not in possession it shall determine his right to possession, the money value of the property and the amount of any special damages sustained. Paragraph 14 of the complaint alleges the money value of the home, and paragraphs 15 and 16 each allege items of damage. Rule 1085 certainly makes these allegations relevant and material.

There is also a motion for a more specific complaint.

However, as we read the complaint, we fail to see anything that cannot be answered and, certainly, if there is any additional information desired, this case is one where discovery would be the appropriate procedure to obtain it.

The final objection is that the complaint fails to set forth the State under the laws of which plaintiff is incorporated. By its very name it is obvious that plaintiff is a national bank and is, therefore, incorporated under the Federal law.

Accordingly, we enter this

## ORDER

And now, to wit, September 24, 1973, it is ordered, adjudged and decreed that the preliminary objections filed by defendant in this case be and are hereby dismissed, and permission is granted to defendant to file an answer as to the merits of the case within 20 days of the date hereof.